Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Gustavo A. Iglesias*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Gustavo A. Iglesias, <br><br> Plaintiff, <br> v. <br><br> Trans Union LLC; Experian Information Solutions Inc.; Equifax Information Services LLC; Ally Financial Inc., <br><br> Defendants. | Case No.: <br><br> **Complaint for damages under the FCRA, 15 U.S.C. § 1681** |

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Gustavo A. Iglesias ("Plaintiff"), by counsel, brings this action to challenge the actions of Trans Union LLC; Experian Information Solutions Inc.; Equifax Information Services LLC; and Ally Financial Inc. (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are corporations doing business in the State of Nevada.

14. Ally Financial is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Trans Union LLC, Experian Information Solutions Inc., and Equifax Information Services LLC assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## — THE TRANS UNION VIOLATIONS —

**Trans Union and Ally Financial Misreported Credit Information**

**Re: Ally Financial Account No. ****2801**

17. In Plaintiff's credit report from Trans Union dated Jul 23, 2020, Trans Union and Ally Financial inaccurately reported that Plaintiff's debt was in a "charge-off" status with a past due amount of $13,214, even though Plaintiff had an agreement with Ally Financial that the next payment would not be due until September. The reporting was was inaccurate and misleading.

18. On or about Aug 7, 2020, Plaintiff disputed Trans Union's inaccurate reporting on Plaintiff's Trans Union Jul 23, 2020 credit report, pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Ally Financial.

19. Specifically, Plaintiff sent a letter on Aug 7, 2020, certified, return receipt, to Trans Union, requesting the above inaccurate and incorrect derogatory information be removed.

20. On information and belief, upon receiving that letter, Trans Union timely notified Ally Financial of Plaintiff's dispute, but Trans Union and Ally Financial continued reporting inaccurate information.

21. Trans Union and Ally Financial were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.

22. On or about Sep 22, 2020, Plaintiff received notification from Trans Union that Ally Financial received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

23. A reasonable investigation by Trans Union and Ally Financial would have indicated that Plaintiff's dispute was valid and that Defendants were reporting inaccurate and misleading information.

24. Trans Union and and Ally Financial failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

25. Trans Union and Ally Financial continued to report inaccurate and negative information on Plaintiff's report. Specifically, Trans Union and Ally Financial continued to report inaccurately that Plaintiff's debt was in a "charge-off" status with a past due amount of $13,214, even though Plaintiff had an agreement with Ally Financial that the next payment would not be due until September. The reporting was was inaccurate and misleading.

26. Trans Union and Ally Financial, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

27. Trans Union and Ally Financial failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

28. Due to the failure by Trans Union and Ally Financial to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of inaccurate information in violation of the FCRA.

29. Plaintiff's continued efforts to correct the erroneous and negative reporting of the debt by Trans Union and Ally Financial by communicating Plaintiff's dispute with Trans Union and Ally Financial were fruitless.

30. Trans Union and Ally Financial willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

31. Also as a result of the continued inaccurate and negative reporting by Trans Union and Ally Financial, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

32. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Trans Union and Ally Financial failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

— **THE EXPERIAN VIOLATIONS** —

**Experian and Ally Financial Misreported Credit Information**

**Re: Ally Financial Account No. ****1928**

33. In Plaintiff's credit report from Experian dated Jul 23, 2020, Experian and Ally Financial inaccurately reported that Plaintiff's debt was in a "charge-off" status with a past due amount of $13,214, even though Plaintiff had an agreement with Ally Financial that the next payment would not be due until September.

34. On or about Aug 7, 2020, Plaintiff disputed Experian's inaccurate reporting on

Plaintiff's Experian Jul 23, 2020 credit report pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Ally Financial.

35. Specifically, Plaintiff sent a letter on Aug 7, 2020, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed.

36. On information and belief, upon receiving that letter, Experian timely notified Ally Financial of Plaintiff's dispute, but Experian and Ally Financial continued reporting inaccurate information.

37. Experian and Ally Financial were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.

38. A reasonable investigation by Experian and Ally Financial would have indicated that Plaintiff's dispute was valid and that Defendants were reporting inaccurate and misleading information.

39. Experian and and Ally Financial failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

40. Experian and Ally Financial continued to report inaccurately that Plaintiff's debt was in a "charge-off" status with a past due amount of $13,214, even though Plaintiff had an agreement with Ally Financial that the next payment would not be due until September.

41. Experian and Ally Financial, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

42. Experian and Ally Financial failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15

1  U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

2  43. Due to the failure by Experian and Ally Financial to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of inaccurate information in violation of the FCRA.

44. Plaintiff's continued efforts to correct the erroneous and negative reporting of the debt by Experian and Ally Financial by communicating Plaintiff's dispute with Experian and Ally Financial were fruitless.

45. Experian and Ally Financial willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

46. Also as a result of the continued inaccurate and negative reporting by Experian and Ally Financial, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

47. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Experian and Ally Financial failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

— **THE EQUIFAX VIOLATIONS** —

**Equifax and Ally Financial Misreported Credit Information**

**Re: Ally Financial Account No. \*\*\*\*7168**

48. In Plaintiff's credit report from Equifax dated Jul 23, 2020, Equifax and Ally Financial inaccurately reported that Plaintiff's debt was in a "charge-off" status with a past due amount of $13,214, even though Plaintiff had an agreement with Ally Financial that the next payment would not be due until September.

49. On or about Aug 7, 2020, Plaintiff disputed Equifax's inaccurate reporting on Plaintiff's Equifax Jul 23, 2020 credit report pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Ally Financial.
50. Specifically, Plaintiff sent a letter on Aug 7, 2020, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.
51. On information and belief, upon receiving that letter, Equifax timely notified Ally Financial of Plaintiff's dispute, but Equifax and Ally Financial continued reporting inaccurate information.
52. Equifax and Ally Financial were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.
53. A reasonable investigation by Equifax and Ally Financial would have indicated that Plaintiff's dispute was valid and that Defendants were reporting inaccurate and misleading information.
54. Equifax and and Ally Financial failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.
55. Equifax and Ally Financial continued to report inaccurate and negative information on Plaintiff's report. Specifically, Equifax and Ally Financial continued to report inaccurately that Plaintiff's debt was in a "charge-off" status with a past due amount of $13,214, even though Plaintiff had an agreement with Ally Financial that the next payment would not be due until September.
56. Equifax and Ally Financial, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

57. Equifax and Ally Financial failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

58. Due to the failure by Equifax and Ally Financial to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of inaccurate information in violation of the FCRA.

59. Plaintiff's continued efforts to correct the erroneous and negative reporting of the debt by Equifax and Ally Financial by communicating Plaintiff's dispute with Equifax and Ally Financial were fruitless.

60. Equifax and Ally Financial willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

61. Also as a result of the continued inaccurate and negative reporting by Equifax and Ally Financial, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

62. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Equifax and Ally Financial failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

///

///

///

**Plaintiff's damages**

63. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

66. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

67. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

68. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

## Jury Demand

69. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 13, 2020.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Gustavo A. Iglesias*