# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GUSTAVO A. IGLESIAS,<br><br>Plaintiff(s),<br><br>v.<br><br>TRANS UNION LLC, et al.,<br><br>Defendant(s). | Case No.: 2:20-cv-02099-GMN-NJK<br><br>**Order**<br><br>[Docket No. 32] |

Pending before the Court is a stipulation to extend all deadlines in the scheduling order by 60 days. Docket No. 32. For the reasons discussed below, the stipulation is **DENIED** without prejudice.

First, a request to extend discovery deadlines must include a "statement *specifying* the discovery completed." Local Rule 26-3(a) (emphasis added). The stipulation includes only an unelaborated reference to propounding written discovery without identifying the particular discovery propounded, the party propounding it, or the date on which it was served.

Second, no explanation is provided that there is any need to extend the deadline to amend the pleadings or add parties. Instead, the focus of the stipulation is on the later deadline for expert disclosures. As such, it is not clear why relief is being sought as to the deadline for amendment.

Third, the stipulation indicates that additional time is needed to obtain written discovery responses and take Defendant's[1] deposition before an expert can be disclosed, Docket No. 32 at 2, but there are another 30 days before the expert disclosure deadline. No meaningful explanation is provided as to why the deadline cannot be met as currently set. *See, e.g.*, *Charm Floral v. Wald*

---

[1] The stipulation is written in the singular, but there are several Defendants in this case. It is not clear which Defendant's deposition is being referenced.

1

*Imps., Ltd.*, 2012 U.S. Dist. Lexis 16007, at *6 (W.D. Wash. Feb. 9, 2012) (more than one week's notice is generally considered sufficient for depositions).

Fourth, although the reasoning provided is sparse, it appears at bottom that the request is premised on the parties' decision to delay their discovery obligations while they discussed settlement. *See* Docket No. 32 at 3. Such reasoning fails as a matter of law, as it is well-settled that "[t]he existence of settlement discussions does not establish good cause to modify the scheduling order." *AIG Specialty Ins. Co. v. Liberty Mut. Fire Ins. Co.*, 2018 WL 6728406, at *2 n.5 (D. Nev. Aug. 20, 2018); *see also United States v. Jaynes Corp.*, 2015 U.S. Dist. Lexis 82928, at *3 (D. Nev. June 22, 2015) (collecting cases).

Accordingly, the stipulation to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 10, 2021

_____
Nancy J. Koppe
United States Magistrate Judge